Hollis v. The State Insurance Company.

HOLLIS v. THE STATE INSURANCE COMPANY.

1. **Insurance:** POWER OF ADJUSTER TO WAIVE FORFEITURES. An adjuster of losses does not, as a matter of law, have authority to bind the company by a waiver of forfeitures; and where his acts, if authorized, would amount to a waiver, it must be shown that they were authorized by the company before it can be held to be bound thereby.

2. ——: WAIVER OF FORFEITURE OF POLICY: FACTS CONSTITUTING. Where the insured, at the time of the loss, has forfeited his right to recover on the policy, and the company, knowing the facts, continues to treat the contract as of binding force, thereby inducing the insured to act and incur expense in that belief, the company thereby waives the forfeiture. See authorities cited in opinion. *Fitchpatrick v. Hawkeye Insurance Company*, 53 Iowa, 335, distinguished.

3. **Practice:** INSTRUCTIONS AS TO ISSUES: REFERRING JURY TO PLEADINGS: ERROR WITHOUT PREJUDICE. It is not competent for the court to refer the jury to the pleadings to ascertain the issues; (*Bryan v. C., R. I. & P. R'y Co.*, 63 Iowa, 464;) *Porter v. Knight*, Id., 365; but where, as in this case, the court otherwise fully instructed the jury, so that no prejudice could result from the error, it is not ground for a reversal.

ADAMS, J., dissents from the argument, but concurs in the conclusions reached.

*Appeal from Polk Circuit Court.*

SATURDAY, DECEMBER 13.

ACTION on a fire insurance policy. There was a verdict and judgment for plaintiff. Defendant appeals.

*Wright, Cummins & Wright* and *J. B. Johnson,* for appellant.

*John A. McCall,* for appellee.

REED, J.—I. The property covered by the insurance was an elevator at Radcliff, in Hardin county. At the time **1. INSURANCE: power of adjuster to waive forfeitures.** the insurance was taken, plaintiff was the sole owner, and the policy was issued to him. It contained the following provision: "If the title of the property is transferred, incumbered or changed, or if, without written consent hereon, there is any prior or subsequent insurance, * * * this policy shall be void." Defendant alleged in its answer that plaintiff, in violation of this provision, transferred the property to a partnership composed of himself and one Mahana; also that subsequent insurance to the amount of $500 was procured to be taken on the property by another company; and it claims that the policy was avoided by this change of title to the property and the subsequent insurance. Plaintiff, in his reply, admitted the truth of these allegations, but alleged that defendant, after the loss occurred, and with full knowledge of all the facts with reference to the subsequent insurance and the change of title, notified and requested him to make proofs of his loss, and that, believing that said request was made by defendant with the intention to settle and pay said loss, he did, at large expense of money, labor and time, make proofs of said loss to defendant, and he claims that defendant thereby waived said provision of the policy. The evidence shows that soon after the loss occurred one C. J. Ballard, an adjusting agent for defendant, called on plaintiff with reference to the loss.

It also tends to show that he had learned before he went to Radcliff of the subsequent insurance on the property, and that plaintiff then informed him of the change in the title to the property, and that, with knowledge of these facts, he directed plaintiff to make out and forward to defendant his proofs of loss, and gave him a blank form to be used for that purpose. Soon after this agent left Radcliff, plaintiff made out proofs of the loss and sent the same to defendant, but they were returned by said Ballard, with the information that in certain respects they were not satisfactory. He also sent him another blank form for said proofs, which plaintiff filled out and returned to defendant; but more than sixty days had elapsed since the loss when the second proofs were sent in.

The circuit court instructed the jury that the policy was forfeited by reason of the matters set up in the answer and admitted in the reply, and by reason of plaintiff's failure to give notice and furnish the proofs of loss within sixty days from the date of the loss, and that plaintiff could not recover, unless there had been a waiver by defendant of the forfeiture. The court also gave the following instruction: "The legal principle upon which the waiver of a forfeiture is based is this: A party to a contract, having a right to declare it forfeited, must exercise that right when called upon to act under the contract; he cannot recognize the contract as binding, and afterwards insist upon its forfeiture. In this case the adjuster, Mr. Ballard, represented the defendant, and for the purposes of this case *was the insurance company*; and a waiver of the forfeiture by him would bind the defendant to the same extent as if made by its highest officers. Whether Mr. Ballard *waived the forfeiture* is a question of fact which you will determine from the evidence. Plaintiff claims that the forfeiture of the policy was waived by the company, by asking and requiring proofs of loss of the elevator, after the company, through Ballard, the adjuster, had full knowledge of the facts of the forfeiture of the policy by reason of the sale of one-third interest in the elevator to Mahana, of the

subsequent insurance in the Phœnix, and of the failure to give notice and proofs of loss within sixty days after the loss. He claims that the insurance company, through Ballard, was fully informed of all the particulars of these several acts of forfeiture, and, knowing these things, instead of at once declaring the policy forfeited, Ballard asked and required proofs of loss of the elevator, and thus imposed upon plaintiff some labor and expense. Now, if all these claims and allegations of plaintiff are established by the evidence, you are authorized to say that the forfeiture of the policy was waived by the defendant, and you should find for the plaintiff; but if plaintiff has failed to prove any one of the aforesaid claims and allegations upon which he relies to establish a waiver, you should find in favor of the defendant. And you are further instructed that if Ballard, the adjuster, merely *advised* or *suggested* to plaintiff that he should send proofs of loss to the insurance company, or if you find that plaintiff sent the proofs of loss in pursuance simply of the requirement of the policy, or on its own motion, uninfluenced by Ballard either way, then, in either or any such event, you should find for the defendant. Nor would there be a waiver of the forfeiture of the policy by the defendant in case the adjuster, Ballard, advised plaintiff in substance that *he, Ballard, would not decide that question*, but that the company would or might decide it for or against plaintiff after receiving proofs of loss, and plaintiff forwarded proofs of loss to the company for its decision under these circumstances; and under this latter state of facts, also, the insurance company would not be liable."

The giving of these instructions is assigned as error by the defendant. By the first instruction the jury were told, in effect, that Ballard, the adjusting agent, had power to waive the forfeiture of the policy; and, in the second, they were told that, if he was fully informed with reference to the facts which created the forfeiture, and, while he was possessed of that information, required plaintiff to furnish proofs of the

loss, and this requirement imposed on plaintiff some labor and expense, the forfeiture of the policy was thereby waived. There was no evidence as to the extent of Ballard's powers as agent for defendant. It is shown simply that he was an adjusting agent, and that he called on plaintiff with reference to the loss; and it does not appear that he had any power or authority to settle or pay plaintiff's claim. He did not assume to have any such power. However well the duties and powers of an insurance adjuster may be known in the community, the law makes no presumptions with reference to them, and they must be shown in every case where the rights of the parties depend upon the question whether his acts were done with authority. Wood, Ins., § § 396, 399. *Dickinson Co. v. Insurance Co.*, 41 Iowa, 286. We think, therefore, that the court erred in directing the jury, as matter of law, that he had authority to waive the forfeiture of the policy; and, as a waiver of the forfeiture could be inferred from his acts only in case he had authority either to waive it expressly, or to do such acts as would, in law, amount to a waiver of it, the court erred in directing the jury, without any evidence as to the extent of his authority, that a waiver might be inferred from the particular act done by him. The defendant was bound by the acts of its agent only in case they were done within the scope of his actual or apparent authority; and whether they were so done was a question of fact to be determined by the jury.

II. The general doctrine of the instructions is that if defendant, with full knowledge of the facts out of which the

2. ——: waiver of forfeiture of policy: facts constituting.

forfeiture of the policy arose, neglected to declare its intention of insisting on the forfeiture, but, by its acts, recognized and treated the policy as a valid and substituting contract between it and plaintiff, and induced him to act in that belief, it is precluded now from insisting on the forfeiture. This doctrine is excepted to by defendant. Its position is that, to constitute a waiver of the provisions of the policy providing for the forfeiture, the acts

relied on must be attended with such equitable circumstances as would create an estoppel; and, as plaintiff was not induced by the acts in question to in any manner change his position with reference to the subject of the negotiation, and as the acts were done after the forfeiture occurred, they do not create an estoppel. We think, however, that this position is not tenable. The principle on which the waiver of a forfeiture has been maintained in such cases is undoubtedly similar to that of estoppel. It was so held by this court in *Viele v. Germania Ins. Co.*, 26 Iowa, 9. But we think it is not true that such waiver can be created only by such acts or conduct as would create a technical estoppel. Neither forfeitures nor estoppels are favored by the law, and it follows necessarily from this consideration that the waiver of a forfeiture may be sustained by circumstances which do not present the strong equities which would be required to create an estoppel. •When plaintiff asserted a claim under the policy for the loss, and defendant was informed of the facts out of which the forfeiture grew, it had the right at once to treat the contract as at an end. If it had elected simply to remain silent, perhaps a waiver could not have been inferred from its silence. But if, with knowledge of the circumstances, it continued to treat the contract as of binding force, and induced plaintiff to act in that belief, the rule holding that it thereby waived the forfeiture is a very just one. We think, therefore, that the general doctrine of the instructions is correct, and it is well sustained by the authorities. See *Titus v. Glens Falls Ins. Co.*, 81 N. Y., 410; *Insurance Co. v. Norton*, 96 U. S., 234; *Webster v. Phœnix Ins. Co.*, 36 Wis., 67; *Northwestern Mut. Life Ins. Co. v. Germania Ins. Co.*, 40 Wis., 453; *Cannon v. Home Ins. Co.*, 53 Wis., 585.

It is claimed, however, by defendant that a different rule is established by this court in *Fitchpatrick v. Hawkeye Ins. Co.*, 53 Iowa, 335. It is held in that case that the insurer did not waive the forfeiture of the policy by requiring proofs of loss after being orally informed of the fact which created

the forfeiture.   The ground on which the holding is put is that, as the policy itself provided that the information should be communicated by the proofs of loss, and as the oral information was not full, the insurer had the right to demand that full information be communicated to it in the manner provided in the contract, before it determined the question of its liability; and, as the proofs were demanded to enable it to determine that question, it did not waive the forfeiture by demanding them.   The distinction between the two cases is very apparent, and the doctrine of that case is clearly given in the instructions in question.

The court did not make a full statement of the issues, but referred the jury to the pleadings for information as to what

3. PRACTICE: instructions as to issues: referring jury to pleadings: error without prejudice.

the issues were.   We have frequently disapproved this practice.   See *Bryan v. Chicago, R. I. & P. R'y Co.*, 63 Iowa, 464; *Porter v. Knight, Id.*, 365.   We would not disturb the judgment in this case on this ground alone, as the court did instruct the jury fully as to the questions of fact which they were to determine, and the parties could not have been prejudiced by the failure to instruct them as to the issues.

For the errors pointed out the judgment is reversed, and the case is remanded for a new trial.

REVERSED.

ADAMS, J., *dissenting.*   I concur in the reversal in this case, but I do not think that what was said by the adjuster could be deemed to have the effect to waive the forfeiture, even if he had power to waive forfeitures.   The case, in my opinion, so far as this point is concerned, is not distinguishable in principle from *Fitchpatrick v. Hawkeye Ins. Co.*