THE WOOD MOWING AND REAPING MACHINE CO. v. CROW.

1. **Sale by Agent:** UNAUTHORIZED WARRANTY BY AGENT: KNOWLEDGE OF PURCHASER. If a person constitutes another his agent for the sale of merchandise, and furnishes him with the kind of warranty he may give, a purchaser having knowledge of that fact may not accept from the agent a warranty different in its terms from the one authorized by the principal, and then require the principal to comply with such unauthorized warranty.

2. **Agency:** EVIDENCE: DECLARATIONS OF AGENT TO BIND PRINCIPAL. Evidence of the declarations of an alleged agent are not admissible against the principal unless the fact of agency be established, and that fact cannot be established by the declarations of the alleged agent.

*Appeal from Page County District Court.*

TUESDAY, DECEMBER 14.

ACTION on three promissory notes. Trial by jury. Judgment for defendant, and plaintiff appeals.

*Phillips & Day* and *Jas. McCabe,* for appellant.

*Stockton & Keenan,* for appellee.

SEEVERS, J.—The case was tried in the district court on the theory that the defendant, as a defense, pleaded that the notes were given in consideration of a reaping-machine purchased by him of the plaintiff, which had been warranted, and that it had failed to conform to the warranty, and was worthless. It is difficult to ascertain from the answer the nature and extent of the warranty. The statements in relation thereto are exceedingly loose and general. Whatever the warranty was, it was not in writing, but was in parol, and made by the agents of the plaintiff.

I. The plaintiff furnished to its agents a printed warranty, and there is testimony tending to show that they were not authorized to give any other or different warranty than the one furnished. The defendant testified that he knew the company had a printed warranty, but that, instead of getting a warranty of that kind, he purchased the machine on an oral warranty, given by the agent. The court instructed the jury as follows: "If you find and believe, from the evidence that Elliott & Cass were the agents of the plaintiff * * * for the sale of their machines, and that they sold defendant the machine for which the notes sued on were given, and at the time they sold him said machine they verbally warranted it to do good work, as alleged in the answer, then you are instructed that the plaintiff would be bound by such warranty, unless you find and believe from the evidence that

<span style="font-variant: small-caps">1. sale by agent: unauthorized warranty by agent: knowledge of purchaser.</span>

said Elliott & Cass were restricted by plaintiff from making or giving another warranty than the printed warranty furnished by plaintiff, and that this fact was brought to the knowledge of the defendant at or prior to the time he purchased said machine."

As applied to the evidence, the instruction amounts simply to this: If a person constitutes another his agent for the sale of any article of merchandise, and furnishes him with the kind of warranty he may give, and the purchaser has knowledge that such a warranty was furnished the agent yet the purchaser may accept a parol warranty, different in its terms, from the agent, and require the principal to comply with such oral warranty. We do not believe this is the law; and certainly no such rule is laid down in *Eadie v. Ashbaugh*, 44 Iowa, 519, or *Farrar v. Peterson*, 52 Id., 420. In those cases the extent or character of the warranty was not in question, and the holding simply is that, having accepted the notes taken by the agent, they had ratified what the agent did in making the sale, although he acted beyond the scope of his authority. In this case a form of the warranty to be given by the agent was furnished. This the defendant knew; but, for some reason, he took a different parol warranty from the agent. Having the knowledge he had, it was his duty to see that the agent had not exceeded his authority. Having furnished a printed form of warranty to its agent, the plaintiff had the right to assume that such a warranty was given to the defendant. The instruction, it will be observed, casts the burden in this respect on the plaintiff. The court erred in giving the foregoing instruction.

II. A person by the name of James Fisk was introduced by some one to the defendant as "general agent for the Walter A. Wood Company;" and thereupon the defendant was permitted to introduce in evidence, against the objection of the plaintiff, what Fisk said in relation to the machine. This evidence was imma-

2. AGENCY: evidence: declarations of agent to bind principal.

terial, and the conversation with Fisk testified to by the defendant occurred long after the sale of the machine. This evidence should have been excluded, for the reason that there is no competent evidence tending to show that Fisk was the agent of the plaintiff, or had any authority whatever to bind the plaintiff. The fact of agency cannot be established by the declarations of the alleged agent.

There are other errors assigned and argued by counsel which we do not deem it necessary to refer to. What we have said sufficiently indicates our view of the case.

REVERSED.