BARRE v. THE COUNCIL BLUFFS INSURANCE COMPANY.

1.  **Fire Insurance:** ACTION ON CONTRACT TO ISSUE POLICY : CONDI-
    TIONS. Where there is a contract for the issuing of a policy of
    insurance, it must be presumed, in the absence of a contrary show-
    ing, that the policy contracted for is such a one as the company
    usually issues in such cases ; and where there is a loss before the
    policy is issued, no recovery can be had without complying with
    the conditions of such a policy as should have been issued under
    the contract. ( See cases cited in opinion.)

2.  ———: WAIVER BY AGENTS OF CONDITIONS OF POLICY. In the
    absence of evidence to that effect, it cannot be presumed that the
    soliciting agent of an insurance company or an adjuster of losses
    has the right or authority to bind the company by a waiver of the
    conditions of the policy requiring immediate notice of loss, with a
    statement of the particulars.

3.  ———: ACTION ON CONTRACT FOR POLICY : EVIDENCE. In an action
    for loss by fire under a contract for a policy, after the agent who
    solicited the risk had testified in his examination in chief for
    plaintiff that he had blank policies furnished him by the company,
    it was proper to permit him to testify on cross-examination that
    the form of the policies furnished him was the same as the one
    attached as an exhibit to defendant's answer, and then to admit
    the exhibit in evidence.

*Appeal from Delaware District Court.*—HON. JOHN J.
NEY, Judge.

FILED, JANUARY 22, 1889.

ACTION upon a contract to execute and issue a
policy of insurance. Upon a trial to a jury the court,
at the close of the plaintiff's evidence, directed a verdict
for defendant. Plaintiff appeals.

*J. H. Trewin* and *Yoran & Arnold*, for appellant.

*R. W. Barger*, for appellee.

BECK, J.—I. The petition declares upon a contract
whereby defendant was bound to issue and deliver to

2. **FIRE insurance : action on contract to issue policy: conditions.** plaintiff a policy of insurance. Plaintiff executed and delivered to defendant a promissory note for the premium agreed to be paid, but defendant did not issue the policy. The property intended to be insured was destroyed by fire, and plaintiff in this action seeks to recover, upon the agreement to issue the policy, the loss sustained by plaintiff by the destruction of the property, to the extent of the sum to be insured by defendant upon the property, as fixed by the agreement to issue the policy. In amendments to the petition it is alleged that defendant, by refusing to deliver the policy of insurance and by denying the existence of the contract of insurance, prevented plaintiff from making proof of loss within the time prescribed in the policy of insurance usually issued by defendant, and the defendant thereby did waive proof and notice of loss. The answer alleges that, by the terms of the policy of insurance usually issued by defendant, the assured is bound, upon the happening of a loss, to at once give the defendant notice thereof, with a particular account of the loss in writing, showing the origin of the fire, the occupancy of the building, the value of the insured property, the interest of the assured therein, and other matters. It is further alleged that the notice and account required by this condition of the policy were not given at any time. The plaintiff introduced evidence tending to establish the allegations of his petition. He failed to introduce any evidence tending to show that immediate notice of the loss was given to the defendant. The district court directed the jury that, for the reason that no such notice was given, they should return a verdict for defendant, which was done.

II. In our opinion, the district court rightly directed a verdict for defendant. While the action is not upon the policy of insurance, it cannot be doubted that defendant's liability must be determined by the terms and conditions of the policy, which also must determine the plaintiff's measure of damages in case he recovers. The action is on an agreement to issue a

policy. Now, it is plain that plaintiff's damages are just what he would have recovered if the policy had been issued and the suit brought thereon. It is also plain that defendant undertook to issue a policy in the usual form of its policies covering like risks. The law will presume that the minds of the contracting parties met upon a contract containing the terms and conditions of the policy usually issued by defendant covering like risks. The contract sued on contained no conditions. But it was not a contract of insurance, but a contract to issue a policy which would be a contract of insurance. But what kind of a policy was to be issued? Plainly just such a policy as defendant usually issued in such cases. *Smith v. Ins. Co.*, 64 Iowa, 716; *Hubbard v. Ins. Co.*, 33 Iowa, 325.. Defendant's policy issued in cases of this kind required immediate notice of the loss to be given, and a statement of its particulars, as above stated. No attempt was made to give this notice and the statement. Under the terms of the policy the non-compliance with this condition defeats recovery on the policy. See 2 Wood, Ins., secs. 437–439; *Brink v. Ins. Co.*, 70 N. Y. 593.

III. But counsel for plaintiff insist that the district court erred in failing to submit to the jury the question
2. ——: waiver by agents of conditions of policy. whether defendant had waived the failure to comply with the terms of the policy as to the notice and statement of the particulars of the loss. We think the evidence wholly fails to show the waiver relied upon. A waiver can only be made by one having sufficient authority to make it, and such authority must be shown. The acts claimed to be a waiver were done either by the agent who took the application for the insurance, and made the contract sued on, or by an adjuster. But it is not shown, nor attempted to be, that either of these persons was authorized to make the waiver. The duties with which it is shown, or will be inferred, they were clothed, do not pertain to waivers of this character. Indeed, there is no evidence tending to establish the authority of these persons to make the waiver. *Hollis v. Ins. Co.*,

65 Iowa, 454. The district court, therefore, rightly withheld the question of waiver from the jury.

IV. The soliciting agent who took plaintiff's application for the insurance stated, in his examination in chief for plaintiff, that he had blank policies furnished him by the defendant. On the cross-examination he was permitted to testify against plaintiff's objection that a blank policy, made an exhibit to the answer, is of the form of these blanks. The exhibit was then admitted in evidence. We think these rulings are not erroneous. The witness had testified to the fact that he had blanks. It was. proper to disclose by the cross-examination the character of these blanks, and, when it was shown they were in the same form as the exhibit, that instrument was in that way identified, and could properly be admitted in evidence.

*3. —— : action on contract for policy : evidence.*

The foregoing discussion disposes of all questions in the case. The judgment of the district court is

AFFIRMED.