## GAAR, SCOTT & CO. *v.* MEYER.

1. SALES—GUARANTIES—EVIDENCE—SUFFICIENCY.

In an action of replevin for certain chattels, pledged for the payment of a clover huller, sold to defendant by plaintiff's agent, a written warranty which contained a statement that no person, unless authorized in writing by the company, had any right to change its terms, defendant sought to establish that he had rescinded the contract for breach of an additional guaranty, waiving the terms of the original warranty and guaranteeing the huller to do satisfactory work, and that said mortgage was void. The trial court treated the additional guaranty as established and submitted the case to the jury upon the single question of whether defendant was, or should have been, reasonably satisfied, after having given plaintiff an opportunity to remedy any defect in the huller. *Held*, that the evidence did not conclusively establish the making of the additional guaranty by plaintiff, and that such question should have been submitted to the jury.

2. SAME—PLEADING.

Under defendant's plea, no proof was necessary to show that the original contract was ratified by plaintiff.

Error to Alpena, Emerick, J. Submitted January 13, 1909. (Docket No. 60.) Decided May 25, 1909.

Replevin by Gaar, Scott & Company against Hans Meyer. There was judgment for defendant, and plaintiff brings error. Reversed.

*Thomas, Cummings & Nichols*, for appellant.

*I. S. Canfield*, for appellee.

MONTGOMERY, J. This is an action of replevin to recover two horses and a hay press. The plaintiff's right is rested upon a chattel mortgage executed by the defendant to the plaintiff given in consideration for the purchase

price of a clover huller manufactured by the plaintiff. The defendant assumed to rescind the contract under which the clover huller was purchased, and claims that the chattel mortgage was voided by this.

The precise issue made by the plea is important. The plea sets up that the huller was purchased on or about the 8th of May, 1906, on a contract in writing for the price of $625, and was sold to the defendant under a certain warranty, which will be more fully set out hereafter; and, secondly, that after the date contained in the warranty as herein stated the plaintiff made another and additional warranty in writing, as follows:

"In regard to the guarantee on the huller, we hereby guarantee the huller to do satisfactory work in every way and waive the guarantee clause in the order. In case the huller fails to do satisfactory work, we ask you to give us notice and we will give it our immediate attention, and in case we fail to make it do satisfactory work, we hereby guarantee to take the same off your hands and refund all money, machinery or papers given in settlement for same."

At the close of the testimony, the circuit judge, treating the second claim of warranty as established, submitted the case to the jury upon the single question of whether the defendant was satisfied with the manner in which the huller worked, or should have been satisfied, as a reasonable man, after having given the plaintiff reasonable opportunity to remedy any defect that there was in the huller. The jury found a verdict for the defendant, and the plaintiff brings error.

The grounds of error urged are that the alleged warranty of July 2d was not established, and whether it was depends upon the question of whether there was a waiver of the provisions of the original order or contract. The original order contained this provision:

"As a condition hereof, it is fully understood and agreed that this order is given subject to the acceptance of Gaar, Scott & Co., and that no promises, whether of agent or employé or attorney, in respect to the payments,

security, or to the working or guarantee of the machinery named, will be considered binding unless made in writing and ratified by the home office."

Appended to this contract was a warranty containing this provision:

"CAUTION: No person, unless authorized in writing from the home office, at Richmond, Indiana, by an officer of Gaar, Scott & Co., has any authority to add to, abridge, or change this warranty, in any manner, and to do so will render it void and of noneffect."

This is followed by a warranty that each article of machinery furnished on this order is warranted to be made of good materials, well constructed, and, with proper use and management, to do as good work as any other of the same size and rated capacity made for the same purpose. It was further provided that, if any part of the machinery could not be made to fill the warranty, that part which failed should be immediately returned to the place where it was received, and written notice of said return given to the company at its home office, with the option of the company either to furnish another machine or part in place of the machine or part so returned, or return the money and notes which should have been given for the same.

It appeared by the testimony that Mr. E. A. Kratz is an agent of the plaintiff and manager of a branch house at Lansing, Mich.; that after the execution of the original order, and after the machinery had been shipped to Lewiston to Gaar, Scott & Co., the plaintiff, with a bill of lading in the hands of Mr. Kneeland, the banker at Lewiston, the defendant appeared there, executed a mortgage and certain notes, took the machinery out of the cars, and stored it with a Mr. Denning, who was the temporary agent of the plaintiff at Lewiston. Afterwards the defendant discovered that the note had been made to bear interest from date, whereas that it was agreed that it should bear interest from the 1st of August, and on June 30th he

wrote to Gaar, Scott & Co. at Lansing calling attention to this fact and a mistake in the mortgage, and saying:

"Since you have made these mistakes, I will ask you to make that guaranty that you made me in writing, and send it with the new mortgage which is made as agreed when you were here."

To this a reply, dated Lansing, Mich., July 2d, and signed "Gaar, Scott & Co.," was sent to the defendant, in which the so-called second guaranty was given. It was stated that the notes had been forwarded to the company at Richmond, but adding:

"We are instructing them today to change the interest clause making the notes bear interest from August first."

And further:

"It will not be necessary for us to draw up a new mortgage, for you can return that one to us and we will change the interest clause as agreed."

The question presented is whether this guaranty was conclusively shown to have been made by the home office. We think it cannot be said that it was. It was open to inference, at least, by the jury, if, indeed, the circumstances are not conclusive upon the point, that this guaranty of July 2d was made by Mr. Kratz, assuming to act for the company, and without authority from the home office. The period elapsing from the date of the plaintiff's letter written at Big Rock, Mich., and the reply of Gaar, Scott & Co. from Lansing, was hardly adequate to have enabled the agent at Lansing to communicate with the home office before assuming to make the guaranty in question. It was, at most, a question for the jury as to whether such authority existed, and we have not had our attention called to anything in the record indicating that such authority in writing was ever given, or that the guaranty was ratified by the home office. Under these circumstances, the case falls within those cited by plaintiff's counsel. *McCormick Harvesting Machine Co.* v. *Allison*, 116 Ga. 445; *Wood Mowing & Reaping Ma-*

*chine Co.* v. *Crow*, 70 Iowa, 340; *Furneaux* v. *Esterly*, 36 Kan. 539.

It is suggested in the memorandum brief filed at the hearing by the defendant that it does not appear when the original contract between the parties was accepted by the home office.   It is true that there was no proof upon this question, but unfortunately for this contention, the plea of the defendant must be accepted as true, and this sets up that the huller was purchased of the plaintiff on the 8th of May, 1906, and that the so-called second guaranty was made on the 2d day of July, 1906.   We think it was error for the court to treat this second guaranty as established.

Judgment will be reversed, and a new trial ordered.

BLAIR, C. J., and GRANT, OSTRANDER, and MCALVAY, JJ., concurred.