AMERICAN LEGION AT OSCEOLA, Appellee, v. EAGLE STAR AND BRITISH DOMINIONS INSURANCE COMPANY, LIMITED, Appellant.

No. 40708.

1372

OCTOBER 20, 1931.

O. M. Slaymaker and R. E. Killmar, for appellee.

Parrish, Cohen, Guthrie & Watters and L. E. Crist, for appellant.

WAGNER, J.—The plaintiff, an organization of World War soldiers located at Osceola, planned to hold a celebration in said city on July 4th, 1929. It desired to obtain rain insurance for the occasion and authorized its Commander, R. E. See, to attend to said matter. While an application to the defendant-company for insurance was made by See for the plaintiff, through Olmsted, Incorporated, in the City of Des Moines, which latter company had authority to solicit business for the defendant-company, no policy of insurance was issued by the defendant. It is the contention of the plaintiff that, as a result of the ne-

gotiations, a valid contract of insurance was entered into between the plaintiff and the defendant-company; that the offer of the plaintiff in its application for insurance was in fact approved and accepted by the defendant-company, and further, that the defendant is estopped to claim that there was no acceptance and approval of the application and resulting insurance; and that the company is liable for any loss resulting from rain on July Fourth, the same as if a policy had been issued. In an amendment to the petition filed at the close of the evidence, which appellant moved to strike for various reasons, plaintiff claims damages by reason of the alleged negligence and alleged bad faith of the defendant-company in failing to issue a policy covering the insurance.

We need not pass upon the question as to whether or not the application for insurance was in fact approved by the defendant-company, nor upon the question of estoppel raised by the plaintiff in its pleadings, nor upon the question of the alleged negligence and bad faith upon the part of the defendant in not issuing the policy, for the evidence discloses that the plaintiff would not be entitled to recover in any amount had a policy in fact been issued. Under plaintiff's theory as to the aforesaid matters, the measure of its recovery would be the amount recoverable had a policy actually been issued. See Hubbard & Spencer v. The Hartford Fire Ins. Co., 33 Iowa 325; Smith v. The State Ins. Co., 64 Iowa 716; Barre v. The Council Bluffs Insurance Company, 76 Iowa 609; House v. The Security Fire Insurance Co., 145 Iowa 462. In House v. The Security Fire Insurance Co., 145 Iowa 462, we said:

"We do not, in view of this record, regard it as very material whether a policy was actually issued and returned to Cranshaw and by him sent to the life insurance company, or whether no policy was in fact issued, for the rule of this court is that, if no policy is in fact issued, the case will be treated and considered as if a policy in the usual form issued by the company had in fact been issued."

In Barre v. The Council Bluffs Insurance Company, 76 Iowa 609, this court declared:

"While the action is not upon the policy of insurance, it

cannot be doubted that defendant's liability must be determined by the terms and conditions of the policy, which also must determine the plaintiff's measure of damages in case he recovers.''

The application filled out by the Commander of the plaintiff stated that ''gross income on the event or business known as July Fourth Celebration'' was to be covered. In other words, the subject of insurance was ''gross income'' to be derived from the concessions granted or operated by the plaintiff. The uncontradicted evidence is, that the form of policy which was being issued by the defendant-company and which would have been issued to the plaintiff, had the application been approved and accepted, (a proposition which we do not pass upon) provides as follows:

''Amount of Insurance $. . . . Rate . . . . Premium $. . .
In consideration of the stipulations named herein, and of . . . . . Dollars Premium, . . . . does insure . . . . . . . . and legal representatives against Loss Occasioned by Rain, except as herein provided, to an amount not exceeding . . . . Dollars, under the following conditions, to wit:
Form 'A.'                    Income from Sources Named
                    Day Insurance—One or More Days
If by reason of . . . . . Rainfall at . . .
(Give definite description of location of rain gauge or premises where rainfall must occur—street number, or lot and block, or name of field or building) on any one day during the period of time herein provided for such day, the gross income of the insured from . . . regardless of when received, for the entire day does not equal or exceed the amount of insurance provided herein for such day, for the event known as the . . . . . . to be held at . . . . . . then this Company, unless otherwise provided hereinafter, shall be liable for not exceeding the difference, if any, between the gross income from sources of income named herein, regardless of when received, for the entire day and the amount of insurance provided hereunder for said day.''

There is no subsequent condition or provision in the policy which in any manner changes the measure of recovery or liability of the defendant-company. Therefore, in the event of rain in the required amount, the measure of the assured's recovery

would be the difference between $1000.00 and the "gross income" from the concessions granted or operated by the assured, provided said "gross income" did not equal or exceed $1000.00. The uncontradicted evidence is, that the gross income from such concessions on the day in question was $1135.00. It is therefore apparent, that there could have been no recovery by the plaintiff had the policy been issued. The judgment rendered by the trial court, for said reason alone, is erroneous and the same is hereby reversed.—Reversed.

FAVILLE, C. J., and STEVENS, DE GRAFF and ALBERT, JJ., concur.