BACH v. THE STATE INSURANCE COMPANY.

64 595
119 307

1. **Insurance:** ACTION ON POLICY: PROOFS OF LOSS: WAIVER OF DEFECTS IN: EVIDENCE. In an action upon a policy of fire insurance, if an issue were raised as to whether the proofs of loss, as made to the company, were defective, and the plaintiff could not rely upon a waiver of such defects, it might be necessary for him upon the trial to show what the proofs were; but where there was evidence tending to show that proofs of loss had been served on the company, and that they had been received and retained without objection, the jury might have been justified in finding that the defects had been waived, and to take the cause from the jury and enter judgment for defendant in such a case, because the proofs of loss were not introduced in evidence, would have been error.

2. **Evidence**: MATERIALITY NOT APPARENT: PRACTICE ON APPEAL. Where the materiality of a question was not apparent on its face, and no statement was made as to what the party propounding it expected to show, this court cannot say that there was error in disallowing the question.

3. **Partnership**: DISSOLUTION: AUTHORITY OF PARTNER TO DISPOSE OF PROPERTY. In the absence of evidence to the contrary, it may be presumed that one of the members of a dissolved firm has the power to dispose of an article of firm property left in his possession, either for himself or for the firm.

·*Appeal from Mahaska District Court.*

THURSDAY, OCTOBER 23.

ACTION upon a policy of fire insurance. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*John F. Lacy* and *J. B. Johnson*, for appellant.

*L. C. Blanchard*, for appellee.

ADAMS, J.—I. After the plaintiff had introduced his evidence and rested, the defendant moved to dismiss the cause, on the ground that no proofs of loss had been introduced. The court overruled the motion, and the defendant assigns the overruling as error. The plaintiff introduced evidence tending to show that he served proofs of loss, and that they were received and retained without specific objection. The evidence of service was sufficient to justify the jury in finding that something was served as for proofs, and the evidence that they were received and retained without specific objections would justify the jury in finding that the defects, if there were any, were waived. The plaintiff's right of recovery, then, did not necessarily depend upon his introducing the proofs in evidence, and the court would not have been justified in taking the case from the jury.

We ought to say, perhaps, that a case might occur where

it would probably be necessary to introduce the proofs upon the trial, even though, as in this case, not required by the policy. If an issue were raised as to whether the proofs were defective, and the plaintiff could not rely upon a waiver of defect, it might be necessary for him to show what the proofs were, and in such case his best evidence would be the proofs themselves.

But the question before us is as to whether, under evidence of service, and evidence of waiver of defects, the court could properly take the case from the jury for want of their introduction; and we hold that it could not.

II. The property insured was a butcher-shop, and the tools, furniture and fixtures used therein. The evidence showed that the plaintiff was a merchant, and that he employed one Nachman as a practical butcher to run the butcher-shop. The defendant asked Bach, on cross-examination, to produce the contract between him and Nachman, and asked him also whether Nachman was insolvent. The court, upon plaintiff's objection, disallowed the questions, and the defendant complains of this ruling. The questions upon their face do not appear to have been material, and no statement was made as to what the defendant expected to show. Such being the case, we cannot hold that the ruling was erroneous. The same may be said in regard to a question concerning a certain invoice.

<div style="margin-left:2em;font-size:smaller">2. EVIDENCE: materiality not apparent: practice on appeal.</div>

Some questions were asked as to how much interest the plaintiff had in the business at the time of the fire, and these question were disallowed.

We cannot see how it was material what interest the plaintiff had in the business, independent of the value and ownership of the property insured, and, so far as the questions of value and ownership were concerned, there seems to have been a full and fair trial.

III. It is urged that the preliminary proofs were defect ive, in that they contained no certificate of a notary near to the fire, as required. But, as we

<div style="margin-left:2em;font-size:smaller">SAME as NO. 1, ante.</div>

have seen, there was evidence tending to show that defects in the proofs were waived.

IV. The plaintiff was allowed to recover for a refrigerator which it appears formerly belonged to a firm of Nachman & McFadden. The defendant insists that it does not appear from the evidence that the title ever passed to the plaintiff, and that the court erred in instructing the jury upon the theory that they might so find. The evidence shows that the firm of Nachman & McFadden was dissolved, and the partnership assets, including the refrigerator, were turned over to Nachman, and that he sold it to the plaintiff. We think that, *prima facie*, Nachman might be regarded as clothed with the power to dispose of the refrigerator, either for himself, if it became his, or for the firm, if it remained firm property. *Robbins v. Fuller*, 24 N. Y., 570; *Dimon v. Hazard*, 32 Id., 65.

3. PARTNER-SHIP: dissolution: authority of partner to dispose of property.

V. The defendant insists that there was evidence of fraud on the part of the plaintiff, and that certain instructions asked in relation thereto should have been given.

The court instructed that if they should "find from the evidence that the plaintiff attempted to perpetrate any fraud upon the defendant, either in procuring the insurance or in endeavoring to procure payment for his alleged loss, he cannot recover in this action." In our opinion, this instruction covered the whole ground. We think that the question of fraud was fairly submitted, and, while there may be some doubt in regard to the plaintiff's good faith, that the verdict is not without support. We see no error, and the judgment must be

AFFIRMED.