LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY V.
GEORGE P. DAVIS.

FILED NOVEMBER 17, 1898. No. 8392.

Insurance: MISREPRESENTATION AS TO TITLE: RIGHTS OF MORTGAGEE.
Upon the expiration of an insurance on real property assigned
to a mortgagee of such property, his agent, for his benefit alone,
applied and paid for new insurance. At the instance of the
agent of the insurance company the new policy was by said last
described agent so drawn as to describe the mortgagor as owner,
and by a separate slip the loss, if any, was made payable to the
mortgagee as his interest should appear. The mortgagor, with-
out the knowledge of the mortgagee or his agent, had, mean-
time, conveyed the mortgaged premises to a third party, but the
deed of conveyance had never been recorded. In a suit by the
mortgagee on account of a loss by fire, subsequently sustained,
the insurance company, under a clause in its policy, defended
because of an alleged misrepresentation as to the ownership of
the property insured at the time of the issue of the policy, though
the alleged misrepresentation in fact was merely a statement of
the facts shown by the records. *Held*, That the clause providing
for forfeiture of the policy in case of a false statement as to the
condition of the title of the insured, under the circumstances of
this case, should not be so construed as to defeat a recovery by
the mortgagee.

ERROR from the district court of Douglas county.
Tried below before HOPEWELL, J. *Affirmed.*

The opinion contains a statement of the case.

*Greene & Breckenridge*, for plaintiff in error:

The company is not liable, for the reason that the per-
son to whom the policy was issued had previously sold
and transferred the property. (*Tallman v. Atlantic Fire
& Marine Ins. Co.*, 29 How. Pr. [N. Y.] 86; *Grosvenor v.
Atlantic Fire Ins. Co.*, 17 N. Y. 392; *Bidwell v. Northwestern
Ins. Co.*, 19 N. Y. 179; *Davis v. Home Ins. Co.*, 24 U. C. Q.
B. 364; *Adema v. Lafayette Fire Ins. Co.*, 36 La. Ann. 663;
*Collins v. St. Paul Fire & Marine Ins. Co.*, 44 Minn. 440;
*Balow v. Teutonia Farmers Mutual Fire Ins. Co.*, 77 Mich.

540; *New York Life Ins. Co. v. Fletcher*, 117 U. S. 519; *Johnson v. Dakota Fire & Marine Ins. Co.*, 1 N. Dak. 167; *Smith v. Cash Mutual Fire Ins. Co.*, 24 Pa. St., 324; *Centennial Mutual Life Ass'n v. Parham*, 80 Tex. 518.)

*W. W. Morsman, contra:*

The person in whose name the policy was issued had an insurable interest in the property. The company accepted the premium and retained it until after the loss. It will be presumed that such interest was insured. The company will not be permitted to defend on the ground that insured's interest was less than that stated in the policy. (*Slobodisky v. Phenix Ins. Co.*, 53 Neb. 816; *Phenix Ins. Co. v. Fuller*, 53 Neb. 811; *Warren v. Davenport Fire Ins. Co.*, 31 Ia. 464; *Waring v. Loder*, 53 N. Y. 581; *Rohrbach v. Germania Fire Ins. Co.*, 62 N. Y. 47; *Creed v. Sun Fire Office of London*, 101 Ala. 522; *Germania Fire Ins. Co. v. Thompson*, 95 U. S. 547; *Hanover Fire Ins. Co. v. Bohn*, 48 Neb. 743; *German Ins. Co. v. Hyman*, 34 Neb. 704; *Merrett v. Farmers Ins. Co.*, 42 Ia. 11; *Rochester Loan & Banking Co. v. Liberty Ins. Co.*, 44 Neb. 537.)

The mortgage clause created an independent contract between insurer and mortgagee, which is not subject to conditions imposed by the policy, nor affected by neglect of mortgagor. (*Hastings v. Westchester Fire Ins. Co.*, 73 N. Y. 141; *Phenix Ins. Co. v. Omaha Loan & Trust Co.*, 41 Neb. 834; *Westchester Fire Ins. Co. v. Coverdale*, 48 Kan. 446; *Syndicate Ins. Co. v. Bohn*, 65 Fed. Rep. 165; *Hartford Fire Ins. Co. v. Olcott*, 97 Ill. 439; *German-American Ins. Co. v. Hart*, 43 Neb. 441.)

RYAN, C.

There was a trial of the issues involved in this case in the district court of Douglas county, which trial resulted in findings and a judgment in favor of George P. Davis, the plaintiff in that court, for the amount for which he sued. There was substantially no dispute with respect

to the facts, and we shall therefore consider them without attempting to describe the pleadings filed or to review all the evidence adduced. On October 17, 1888, Isaac Reichenberg and Mary Reichenberg executed their note for $1,500 and a mortgage securing payment of the same to be made to Daniel H. Smith October 17, 1893. There was a policy of insurance in existence during the interim above indicated. This policy expired December 8, 1893, and covered the property of Mr. Reichenberg. This policy had been assigned before its expiration, with the said note and mortgage, to George P. Davis. At the expiration of the policy C. E. Bates, as agent for Davis, went to the office of the firm of Webster, Howard & Co., the local agency for the insurance company, and of that firm asked a renewal of the policy, as the amount secured by the mortgage had not been paid. His request was for an insurance to cover the interest of Mr. Davis. In respect to what transpired when this request was made, Mr. Hitchcock, the member of the firm of Webster, Howard & Co. who transacted the business on behalf of that firm, testified as follows: "Mr. Bates said there was some little question regarding the present owner of the property at that time. He said that he had heard, in a roundabout way, that Mary Reichenberg had disposed of her interest to some other party, but that it was a rumor, and he could not confirm it, but he would send to the court-house and see in whose name the title stood of record. He did so and reported that the title stood in the name of Mary Reichenberg. I asked him if he could show in any way if the property had been transferred, or if he knew of his own knowledge or had any way of finding out; and he said he had not, and so far as he knew, and so far as the records showed, Mary Reichenberg still owned the property. I told him, under the circumstances, I thought the best way would be to write the policy in the name of the party in whose name the property stood of record. He was doing his utmost to find out the owner. That was as far as we could go, as

far as I could see." This witness further said that Mr. Bates told him that he was making the insurance to protect the interest of the mortgagee, and explained that he himself would pay the premium, which he did. The policy was made out in the ordinary form in favor of Mary Reichenberg. To this policy there was attached a printed mortgage slip reciting that any loss or damage should be held payable for the account of the assured to George P. Davis, mortgagee, and beneficiaries or his assigns. It is argued that the words "for the account of the assured" implied that the loss, if any occurred, should be due to Mary Reichenberg. This is a strained construction which ignores the recitation that loss should be payable to George P. Davis. The purport of the clause defining the person to whom payment of any loss should be made was that it was to George P. Davis, to be applied on the mortgage indebtedness due him from Mary Reichenberg.

It is, however, insisted that the policy was void because Mary Reichenberg and her husband, by a quitclaim deed of date some months prior to the date of the policy, had conveyed all their interest in the insured property to Mary B. Homan. This deed was not recorded, however, and neither the mortgagee nor his agents had any knowledge of its existence. The clause of the policy relied upon to defeat its operation is as follows: "The entire policy shall be void if the insured has concealed or misrepresented in writing, or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof whether before or after a loss." On the assumption that the words "the insured" refers to Mary Reichenberg it is insisted that the policy is void because at the time it was issued she did not disclose the fact that she had conveyed her interest in the property about to be insured. The agent

of the insurance company understood, when he was dealing with Mr. Bates, that Mr. Bates claimed to be representing and acting in the interest of no one but Mr. Davis. He also knew that Mr. Bates paid the premium solely for the protection of the mortgagee, and Mr. Hitchcock himself suggested the form in which the policy should be made out. Mr. Bates told him of a rumor that Mrs. Reichenberg had ceased to be the owner of the property, and ascertained that this rumor was not justified by the records. Mr. Bates was known to possess no knowledge except from the record, and the condition of that record was as accurately known by Mr. Hitchcock, who drew up the policy, as by Mr. Bates. During the term covered by the policy the building insured was totally destroyed by fire, and until after this loss the insurance company made no offer to return the premium and to cancel the policy. Under these circumstances no wrong is done if we accept the words "the insured" in the sense in which they were understood by the immediate parties to the contract whereby the insurance was effected. As between them the protection of a policy was applied and paid for, solely on behalf of the mortgagee, and this construction does no violence to the sense of the words "the insured" as used in the policy. This disposes of all the questions discussed in the brief of plaintiff in error and the judgment of the district court is

AFFIRMED.