F. L. ERVAY v. THE FIRE ASSOCIATION OF PHILADELPHIA,
Appellant.

**Action on Policy of Insurance:** PROOF OF LOSS: FAILURE TO MAKE.
1  Where a policy of insurance provides that in case of loss the·
assured shall within sixty days render to the company a sworn
statement as to time and origin of the fire, the interest of as-
sured, value of property, amount of loss, etc., a failure to,
comply with the condition, which is substantially Code Sec-
tion 1742, will defeat recovery.

**Waiver of Proof of Loss:** FACTS INSUFFICIENT TO CONSTITUTE SAME.
2  The fact that plaintiff sent defendant a letter of another in--
surance company stating the basis of adjustment by such com-
pany on another policy, that plaintiff had a personal interview
with the general manager of defendant, who declined to act,
and that an agent notified plaintiff he would call on him the·
next day with reference to the loss but failed to do so, are not,
sufficient to constitute a waiver of the condition of the policy
and of the statute requiring proof of loss.

*Appeal from Floyd District Court.*—HON. O. H. KELLY,.
Judge.

THURSDAY, JANUARY 29, 1903.

ACTION in equity to reform policy of insurance, and to·
recover for loss thereunder. Decree for plaintiff. De-
fendant appeals.—*Reversed.*

    *Carr & Parker* and *Ellis & Ellis* for appellant.

*F. Lingenfelder* and *P. W. Burr* for appellee.

McCLAIN, J.—The policy provided that on the occur-
rence of a fire the insured should give immediate notice of
any loss, and within sixty days render to the company, at·
the office of its general manager, in Chicago—the principal
place of business of the defendant being in Philadelphia
—a sworn statement of the knowledge and belief of the
insured as to the time and origin of the fire, the interest of

the insured in the property, the cash value of each item thereof, the amount of loss thereon, and other particular facts specified, and that no action on the policy should be maintained until after full compliance by the assured with such requirements. It was also provided that no officer, agent, or other representative of the company, except the general manager, in Chicago, should have power to waive, change, or modify any provision or condition of the policy. The plaintiff seeks in this action to have the policy reformed so as to incorporate therein a permission to carry $3,000 additional insurance, it appearing that there was that amount of insurance on the property at the time of the loss, and that the policy, by its terms, authorized only $1,500 additional insurance, so that there was a breach of condition of the policy as to other insurance, unless it should be reformed as asked. But there was also an issue raised in the case as to whether the requirements as to proofs of loss above referred to had been comp ied with, and we shall first consider the question thus raised.

There is no contention as to the validity of stipulations in a policy making proofs of loss a condition precedent to recovery, regardless of whether the company has suffered **1. PROOF of loss: failure to make.** any detriment by reason of the failure of the insured to comply with the conditions; nor would any such contention on the part of the insured be sustained. *Edgerly v. Insurance Co.*, 43 Iowa, 587. And the requirement that the insured shall furnish notice and affidavit of the loss is embodied in the Code. See section 1742. Counsel for plaintiff seem to argue that if the company received some sort of information that there had been a loss, and had an opportunity to make investigation thereof, it cannot take advantage of the breach of condition in the policy, and the violation of the requirement of the statute as to proofs of loss, for the purpose of de-

feating recovery.   But there is no authority in support of such a position, and it is evidently entirely untenable.

The real controversy between the parties is as to whether proofs of loss were waived.   Without setting out the evidence on this issue, it is sufficient to say that, while some information as to the loss was commun-

2. WAIVER of proof of loss: facts insufficient to constitute same.

icated to the company's general manager, in Chicago, nothing in the form of a proof of loss was sent to him, unless a certain paper, which plaintiff testified that he sent to the company's office in Philadelphia, can be referred to as of that character.   This was a letter addressed to plaintiff from the secretary of another insurance company, stating the basis of the adjustment between that company and plaintiff under another policy covering the same loss, and the plaintiff says that he forwarded it, with perhaps a few words of his own added. There was plainly no compliance with the requirements of the policy or statute as to the furnishing of proofs of loss under oath within the time required.   A mere communication to the company with reference to the assumed loss not sworn to or purporting to be an attempt to make proof of loss, will not be sufficient as a substitute for such proof.   *Welsh v. Insurance Co.*, 71 Iowa, 337; *Heusinkveld v. Insurance Co.*, 96 Iowa, 224; *Broch v. Insurance Co.*, 96 Iowa, 39.   We refer to what was claimed to have been done by plaintiff, not because it is insisted that there was a compliance, but to throw light on plaintiff's claim as to a waiver.   He testifies that no response was received by him from the company or its Chicago manager to any of his communications.   Plaintiff also had a personal interview with the general manager in Chicago, but was told that the matter was in the hands of an agent, and the manager refused to act in the matter.   Soon after the loss, however, the adjuster of defendant company was at Charles City, where the agent resided who had issued the policy, and had some conversation with the agent with

reference to the loss, and asked him to telephone the plaintiff, who resided six miles away, in a small town, where the loss occurred, that the adjuster would see him next day with reference to the loss.

There is some conflict in the evidence as to just what was said to plaintiff over the telephone by the agent, but all that the agent was authorized to say to plaintiff, so far as appears, was that the adjuster requested plaintiff to be at home next day, as he was coming out to see him in regard to the loss, or "to fix it up with him." The adjuster did not go to see the paintiff on the next day, as he had intended, but went to another part of the state, leaving word with the local agent that he would return later. This was all the communication there was at any time between the adjuster and plaintiff which could be claimed to constitute a waiver of proofs of loss or adjustment of the claim. Now, it is clear to us that no waiver was made out. Counsel for plaintiff urge that where something purporting to be a proof of loss is furnished, and no objection thereto is made, there is a waiver of any defects; but this has been said only with reference to a case where there has been some apparent attempt on the part of the insured to comply with the requirements as to furnishing the necessary proof of loss. *Bach v. Insurance Co.*, 64 Iowa, 595; *Heusinkveld v. Insurance Co.*, 106 Iowa, 229; *Dyer v. Insurance Co.*, 103 Iowa, 524. It has been held that silence alone does not constitute a waiver. *Keenan v. Insurance Co.*, 12 Iowa, 126.

The cases relied on for plaintiff are those in which it is held that if the company or its adjuster, in response to some notice of an attempt at making proof of loss, leads the insured to think that nothing further is necessary, the company is estopped from insisting on want of sufficient proofs. *Ruthven v. Insurance Co.*, 102 Iowa, 550; *Brock v. Insurance Co.*, 106 Iowa, 30; *Harris v. Insurance Co.*, 85 Iowa, 238; *Green v. Insurance Co.*, 84 Iowa, 135; *Dee*

*& Sons Co. v. Key City Fire Insurance Co.*, 104 Iowa, 167. If objection to proofs is made ɩ n one ground, other grounds of objection are waived. *Washburn-Halligan Coffee Co. v. Merchants' Mutual Fire Insurance Co.*, 110 Iowa, 423. And if, without objection to the proofs, the adjuster requires the insured to furnish inventories or the like, which is done, defects in the previous proofs of loss cannot be relied on. *Corson v. Insurance Co.*, 113 Iowa, 641; *Lake v. Insurance Co.*, 110 Iowa, 473; *Heusinkveld v. Insurance Co.*, 106 Iowa, 229.

It is evident, however, that none of these cases support the doctrine of waiver as applied to the facts before us. The mere proposition of the adjuster to visit the plaintiff with reference to the claim was not a recognition of its validity. He might have proposed to investigate it, and even proceeded with such investigation, without waiving the failure to make proofs. *Ruthven v. Insurance Co.*, 92 Iowa, 316. The doctrine of waiver rests upon estoppel; that is, when the plaintiff has been misled into thinking that nothing further will be required of him, and has on that account failed to take further steps which he might have taken, then the company cannot take advantage of such failure induced by it, or its authorized agent acting for it, in the matter for the purpose of defeating its liability under the policy. *Ruthven v. Insurance Co.*, 92 Iowa, 316; *Insurance Co. v. Wolff*, 95 U. S. 326 (24 L. Ed. 387).

The failure of the company to respond to communications by plaintiff or his attorneys, and the failure of the adjuster to call upon him as promised, with reference to the claim, ought to have warned him to do everything required by the policy to make his claim effectual, and certainly cannot be said to have justified him in assuming that the loss would be paid without compliance with the conditions. Failure to make proofs of loss, therefore, as required by the policy and by the statute, is clearly made out, and nothing constituting a waiver is shown.

· In view of the conclusions which we have reached with reference to the question already considered, it is unnec-essary to determine whether the plaintiff was entitled to have the policy reformed for the purpose of avoiding the defense that it was rendered invalid by reason of other in-surance in violation of its term.

The judgment of the lower court is REVERSED.