THE PHŒNIX ASSURANCE COMPANY OF LONDON v. THOMAS HINDS.

**No. 13,295.**   ( 73 Pac. 893.)

SYLLABUS BY THE COURT.

FIRE INSURANCE— *Mistake in Name of Assured — Rights of Mortgagee.* Notwithstanding the provisions of a mortgage clause attached to an insurance policy are made applicable, by a literal construction of terms, to changes in ownership of the property after execution and delivery of the policy, yet, where the indemnity is procured and paid for by the mortgagee, and an action for loss by fire is founded upon the contract made by the mortgage clause, the terms of which are expressly made to supersede the conditions of the policy itself, and by mistake, innocently and unintentionally made, a wrong name is inserted in the policy such mistake is not so material as to avoid the contract made between the parties to the mortgage clause.

Error from Wyandotte district court; E. L. FISCHER, judge.   Opinion filed October 10, 1903.   Affirmed.

*Fike Bros., Snider & Richardson,* and *Alden & Mc-Fadden,* for plaintiff in error.

*Miller, Buchan & Morris,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: J. Q. Hughes, the owner of a city lot, encumbered it by a mortgage. This mortgage was assigned to Thomas Hinds, who applied to, and procured from, the assurance company a policy of insurance, with mortgage clause attached providing for payment of loss under the policy, if any, to him as his interest might appear. At the expiration of this policy Hinds applied for, purchased and procured a second policy, with a like mortgage clause attached. Before the date of the issuance of this policy Hughes had transferred the property to Almira H. Emrick. However, by a mistake of the agent of Hinds, this second policy named one Ida J. Fisher as owner of the legal title to the property. Before the expiration of this last policy the property was burned. This action is brought by Hinds, as mortgagee, against the assurance company, upon the contract made by the mortgage clause, to recover the loss to his security occasioned by the fire. The body of the policy, among other things, contained the following condition:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The defense interposed by the assurance company was based upon this condition in the policy, it being contended that the name of the owner of the property was a material matter. There was judgment for plaintiff. Defendant brings error.

This is not a controversy between the owner of the

property and the assurance company based upon the terms of the policy, but is a dispute between a mortgagee of the property and the assurance company, founded upon the mortgage clause attached to the policy.  The indemnity from.loss in this case was applied for, secured, and paid for, not by the owner of the property, for his protection, but by the mortgagee, for the protection of his interest under his mortgage upon the property.   Among other provisions found in the mortgage clause is the following :

"It is hereby agreed that this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any change of ownership, or exposures, or any act, or neglect of the mortgagor or owner of the property insured nor by the occupation of the premises for purposes more hazardous than are permitted by this policy.

"It is further agreed that the mortgagee shall notify said company of any change of ownership or increase of hazard which shall come to his knowledge. . . .

"The foregoing provisions and agreements shall take precedence over any provision or condition conflicting therewith contained in said policy."

It is not contended that there was any fraud, concealment or intentional misrepresentation made by the mortgagee or his agent to secure the policy or induce the making of the contract contained in the mortgage clause.  On the contrary, it was amply shown that· the insertion of the name of Fisher in the body of the policy as the owner of the legal title to the property, instead of Emrick, the true owner, was done upon information given the agent of the mortgagee that Hughes had conveyed the property to Fisher, which information was in good faith by the agent of the mortgagee communicated to the agent of the assurance company, and thus made the foundation for the insertion of the name of Fisher as the owner of the

property in the policy.   While the above-quoted pro-
visions of the mortgage clause, by a literal construc-
tion of terms, are made applicable to changes in
ownership of the property after the execution and de-
livery of the policy, yet we are inclined to the opinion
that in such a case as this, where the indemnity is
procured and paid for by the mortgagee, and the ac-
tion is founded upon the contract made by the mort-
gage clause, the terms of which are expressly made to
supersede the conditions of the policy itself, and by
mistake, innocently and unintentionally made, a wrong
name is inserted in the body of the policy as the holder
of the legal title to the property, such mistake is not
so material to the risk assumed as to avoid the con-
tract made between the parties to the mortgage clause.
As tending to support the conclusion reached, see
*Hanover Fire Ins. Co. v. Bohn,* 48 Neb. 743, 67 N. W.
774, 58 Am. St. Rep. 719 ; *Liverpool & London & Globe*
*Ins. Co. v. Davis,* 56 id. 684, 77 N. W. 66.

Complaint is made of evidence offered and received
for the purpose of showing what representations were
made to the agent of plaintiff and by him communi-
cated to the agent of the assurance company as to the
ownership of the property at the time the policy was
written.   We think this evidence was proper in this
case as tending to show the good faith of the agent in
the communication made by him to the assurance
company as to the ownership of the property.

It follows that the judgment is right and must be
affirmed.

All the Justices concurring.