AMERICAN CEREAL CO. v. WESTERN ASSUR. CO.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. August 1, 1906.)

No. 193.

1. INSURANCE—INSURABLE INTEREST.

A bailee, mortgagee, or other lienholder on property has an insurable interest therein.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 139–157.]

2. PLEADING—CONCLUSIONS.

An allegation in a petition on a policy of insurance that the policy insured plaintiff as well as the owner of the property was but a legal conclusion; the question as to who was the assured being determinable from the contract of insurance.

3. INSURANCE—POLICY—CONSTRUCTION—INSURED.

Where a policy provided that, in consideration of the premium, the company insured the Inman Manufacturing Company against loss, etc., on the following described property, the loss, if any, payable to the American Cereal Company, as its interest might appear, the manufacturing company and not the cereal company was the insured.

4. SAME—PROOF OF LOSS—STATUTES—POLICY—PROVISIONS.

Code Supp. Iowa 1902, § 1742a, providing that, in furnishing proofs of loss under any contract of insurance, it shall only be necessary for the "assured" to give notice in writing of the loss to the company issuing the contract, etc., supersedes the provisions of the policy so far as it relates to proofs of loss.

5. SAME—RIGHT OF ACTION—CONDITION PRECEDENT.

The furnishing of proofs of loss is a condition precedent to a right of action to recover therefor, and, unless the proofs are waived by the insurer, the action cannot be maintained until they have been furnished.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1322.]

6. SAME—ACTION—PLEADING.

In an action on a policy, the petition must allege the furnishing of proofs of loss or a waiver thereof by the insurer, or the petition is demurrable.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1593, 1603–1605.]

7. SAME.

Where a policy insured a manufacturing company, loss, if any, payable to plaintiff, a mere allegation in the petition that the insured had neglected and refused to furnish proofs of loss was insufficient to justify plaintiff in furnishing the same.

On Demurrer to Petition.

Dawley Hubbard & Wheeler, for plaintiff.

Carr, Hewitt, Parker & Wright and Grimm, Trewin & Moffit, for defendant.

REED, District Judge. The petition alleges that October 22, 1904, the defendant, through its Cedar Rapids agent, at the solicitation of

the plaintiff, made and delivered to plaintiff its policy of insurance agreeing to insure the Inman Manufacturing Company and plaintiff against loss or damage by fire to the amount of $2,500, for one year from October 23, 1904. That plaintiff paid for said insurance, and the policy provides: "Loss, if any, payable to the American Cereal Company as their interest may appear." That at the time of making said contract of insurance the plaintiff had an insurable interest in the property covered by said policy, and continued to have until said property was destroyed by fire, as hereinafter stated. That on March 7, 1905, while said property was so insured, the same was destroyed by fire. That plaintiff made and gave to defendant notice in writing of said loss, and on April 15, 1905, furnished to defendant proofs thereof under oath as required by said policy and the law of Iowa, copies of which said notice and proofs are annexed to the petition as parts thereof. A copy of the policy is also attached to the petition, the material parts of which are as follows:

"Western Assurance Company, in consideration of the stipulations herein named and of fifty dollars premium, does insure the Inman Manufacturing Company for the term of one year from the 23d day of October, 1904, * * * against all direct loss or damage by fire * * * to an amount not exceeding twenty-five hundred dollars, to the following described property while located and contained as described herein, to wit: Inman Manufacturing Company, $2,500.00, on all fixed and movable machinery and machines with their spare parts, attachments and connections * * * while stored in the brick and frame iron-clad metal roof building of the American Cereal Company known as 'Elevator D' and situated on block 21, Cedar Rapids, Iowa. * * * Other insurance concurrent herewith permitted. * * * Loss, if any, payable to the American Cereal Company as their interest may appear.

"Attached to and made a part of policy No. 184,134 of the Western Assurance Company.

"Dated October 22nd, 1904.

"[Signed]                                          Henry B. Soutter, Agent."

The defendant demurs to the petition upon the grounds: (1) That it is not alleged that the proofs of loss were made by the insured, the Inman Manufacturing Company; and (2) that the Inman Manufacturing Company is a necessary party to the suit.

The first ground of the demurrer is the only one urged in argument, and the only one that need be considered, and it presents for determination the question: Who is the "insured" under the allegations of the petition and the terms of the policy? That a bailee, mortgagee, or other lienholder upon property has an insurable interest therein is not open to dispute. There was no written application for the insurance in question, and the policy does not show who obtained or paid for the same, but the petition alleges, and the demurrer admits, that plaintiff had an insurable interest in the property; that defendant, at plaintiff's request, and on payment by it therefor, made and delivered to plaintiff the policy in question. The petition also alleges that the policy insures the plaintiff as well as the Inman Manufacturing Company. This, however, is but a legal conclusion, and the question as to who is the insured must be determined from the contract of insurance. That contract in unmistakable terms insures the Inman Manufacturing Company only, and the loss, if any, under

the policy, would be the loss of that company and not of the plaintiff, though the defendant agrees to pay to plaintiff the amount of such loss as its interest may appear. This seems to be directly so held in Snell v. Insurance Co., 98 U. S. 85–88, 25 L. Ed. 52, and by Mr. Justice Miller in Williams v. Insurance Co. (C. C.) 24 Fed. 625. See, also, Thompson v. Phenix Ins. Co., 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408; Bailey v. Insurance Co. (C. C.) 13 Fed. 250; Abraham v. Insurance Co. (C. C.) 40 Fed. 723; Fink v. Queen Ins. Co. (C. C.) 24 Fed. 318; Esch v. Home Ins. Co., 78 Iowa, 340, 43 N. W. 229, 16 Am. St. Rep. 443; Longhurst v. Insurance Co., 19 Iowa, 364; Ayres v. Insurance Co., 17 Iowa, 176–191, 85 Am. Dec. 553.

In Insurance Co. v. Chase, 5 Wall. 509, 18 L. Ed. 524, the policy insured Wm. Chase, who was one of the trustees and a creditor of the society that owned the property insured, and he obtained and paid for the insurance taking the same in his own name, with a provision that the loss, if any, is payable to Grenville M. Chase, who was a creditor of William Chase. Neither the interest of William Chase nor of Grenville M. Chase was shown by the policy. It was held that Grenville M. Chase might properly sue to recover for the loss, and that oral evidence was properly admissible to show the interest of William Chase in the property. California Ins. Co. v. Union Compress Co., 133 U. S. 387, 10 Sup. Ct. 365, 33 L. Ed. 730, and Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S. 527–542, 23 L. Ed. 868, are to the same effect; the contract in each case being in the name of the plaintiff, who obtained and paid for the insurance. Traders' Ins. Co. v. Pacaud, 150 Ill. 245, 37 N. E. 460, 41 Am. St. Rep. 355, Hathaway v. Orient Ins. Co., 134 N. Y. 409, 32 N. E. 40, 17 L. R. A. 514, and Liverpool, etc., Ins. Co. v. Davis, 56 Neb. 684, 77 N. W. 66, relied upon by plaintiff, hold that the person to whom the loss is payable is the proper party to sue to recover for the loss. But in neither of these cases was the question raised as to who should furnish the proofs of loss. True, they speak of the person to whom the loss is made payable as being the insured, though another is named as such in the policy. But this is said with reference to the right of such party to sue for and recover the loss, and in this respect they are in harmony with Insurance Co. v. Chase, above. If it be said that they hold that the party to whom the loss is payable is the insured, when another is named as such in the policy, they are not in accord with Snell v. Insurance Co., 98 U. S. 85, 25 L. Ed. 52, and other cases above cited, and must yield in this court to the rule announced in that case.

Section 1742a, Code Supp. Iowa 1902, provides, in substance, that in furnishing proofs of loss under any contract of insurance for damage to or loss of personal property, it shall only be necessary for the assured to give notice in writing of the loss to the company issuing such contract of insurance, accompanied by an affidavit stating the facts as to how the loss occurred, so far as the same are within his knowledge, and the extent of the loss; any agreement or contract to the contrary notwithstanding. This section supersedes the provisions of the policy so far as it relates to the proofs of loss. Washburn-H. Coffee

Co. v. Merchants' Fire Ins. Co., 110 Iowa, 423, 81 N. W. 707, 80 Am. St. Rep. 311. The furnishing of such proofs is not a condition of the insurance, but is a condition precedent to the right of action to recover for the loss, and unless they are waived by the insurer the action cannot be maintained until they have been furnished. Washburn-H. Co. v. Merchants' Ins. Co., above; Edgerly v. Farmers' Ins. Co., 43 Iowa, 587; Ruthven v. Insurance Co., 92 Iowa, 316, 60 N. W. 663; Ervay v. Fire Association, 119 Iowa, 304, 93 N. W. 290. But the furnishing of the proofs, or their waiver by the insurance company, must be alleged in the petition or it is demurable. Von Genechtin v. Ins. Co., 75 Iowa, 544, 39 N. W. 881.

It is alleged in the proofs of loss attached to the petition that the Inman Manufacturing Company is the exclusive owner of the property insured, subject to a lien thereon in favor of the plaintiff, and that said Inman Manufacturing Company neglected and refused to furnish the proofs of loss, and plaintiff therefore makes the same. No doubt there may be grounds that would be a sufficient excuse for the failure of the insured to furnish the required proofs of loss. Ayres v. Insurance Co., 17 Iowa, 176, 85 Am. Dec. 553. But the mere allegation, without more, that the insured neglects and refuses to furnish proofs, cannot be held a sufficient excuse for not furnishing them. The petition shows upon its face that the proofs were not furnished by the insured named in this policy, and there is no allegation that defendant by any act or conduct upon its part has waived such proofs.

The conclusion therefore is that as the petition now stands the demurrer must be sustained. The plaintiff may amend its petition or stand thereon, as it may elect, within 30 days.

It is ordered accordingly.