STATE CREDIT COMPANY, APPELLEE, V. NATIONAL OLD LINE LIFE INSURANCE COMPANY, APPELLANT.

FILED JANUARY 28, 1932. No. 28021.

*Chambers & Holland,* for appellant.

*Perry, Van Pelt & Marti, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and LESLIE, District Judge.

ROSE, J.

This is an action on an insurance policy to recover a loss caused by the burning of an automobile.

To secure a note, Helen I. Hayes mortgaged the automobile December 17, 1928, for $1,524. State Credit Company, plaintiff, purchased and owned the chattel mortgage upon which it claimed, as mortgagee, a lien for a balance of $857.25, the sum for which judgment was demanded under the insurance policy. The insurance risk was $1,700 for one year beginning December 22, 1928. Plaintiff, the mortgagee, applied for the insurance and paid the premium which was $16.15. Helen I. Hayes, mortgagor, was the person named in the body of the policy as insured. Attached to the policy when issued was a mortgage clause providing:

"It is hereby understood and agreed that loss, if any under this policy, shall be payable to Mrs. Helen I. Hayes and State Credit Co. as their interest may appear at the time of loss."

The automobile was destroyed by fire October 15, 1929. The National Old Line Life Insurance Company, under a former name, issued the policy as insurer. The defendants were insurer and Helen I. Hayes. The latter did not plead and default was entered against her.

The insurer admitted that it issued the policy, but interposed the defense that it was not in force at the time of the fire, alleging in substance that the insurance previously expired under the terms of the policy; that Helen I. Hayes, the insured mortgagor, had parted with title to and possession of the insured automobile; that a change in the ownership of the property had avoided the insurance, terminated the risk assumed, and relieved insurer from liability; that at the time of the loss insured had no insurable interest in the automobile; that the right of plaintiff, the mortgagee, to insurance expired with that of mortgagor. The facts pleaded as defenses were put in issue by a reply.

At the close of the testimony each litigant requested a peremptory instruction. The district court directed a verdict in favor of plaintiff for $622.95. From judgment on a verdict therefor defendant appealed.

Assuming that Helen I. Hayes, mortgagor, who was named in the body of the policy as the insured, had parted with her title to and possession of the insured property and consequently, under the terms of the insurance contract, had no interest in or insurance on the automobile when it was destroyed, the question presented by the appeal is the liability of insurer to plaintiff for the loss caused by the fire at that time.

The policy did not contain a union mortgage clause to the effect that a loss payable to mortgagee should not be avoided by any act or neglect of mortgagor or owner of the insured property. In absence of such a clause insurer contends that the trial court erred in directing a verdict in favor of plaintiff and that the judgment below should be reversed under the following principle of law as it appears in the brief of insurer: "Under a simple loss-payable or open-mortgage clause in a policy of insurance issued to the mortgagor, and payable to the mortgagee as his interest may appear, the mortgagee is simply an appointee of the insurance fund, whose right of recovery is no greater than the right of the mortgagor, so that a

breach of the conditions of the policy by the mortgagor, which would prevent recovery by him, precludes recovery from the insurer by the mortgagee."

In support of this proposition reference is made to many cases, including *Antes v. State Ins. Co.*, 61 Neb. 55. The rule quoted is recognized in Nebraska and in many other jurisdictions and is sound in principle, but in the cases generally in which it has been applied the insured mortgagor paid for the insurance and procured the policy for his own protection. Decisions in some cases, however, distinguish cases applying the general rule, or recognize an exception thereto, where a mortgagee for his own benefit applies directly to the insurer for insurance, pays the premium, and receives a policy containing a mortgage clause for the protection of mortgagee. On this subject the supreme court of Illinois ruled as follows:

"Where a party contracts for the insurance of property, pays the premium, and the policy makes the loss payable to him, the agreement to pay the loss is a contract with the person who pays the consideration, and he will have a right of action in his own name, although the insurance is in the name of another." *Traders' Ins. Co. v. Pacaud*, 150 Ill. 245. See, also, *Lubetsky v. Standard Fire Ins. Co.*, 217 Mich. 654; *Houran v. Aetna Ins. Co.*, 183 Mich. 418; *Connecticut Mutual Life Ins. Co. v. Luchs*, 108 U. S. 498; 2 Cooley, Briefs on Insurance (2d ed.) 1287.

The same view seems to have been taken in *Liverpool & London & Globe Ins. Co. v. Davis*, 56 Neb. 684. An ordinary loss-payable mortgage clause may, under some circumstances, create between insurer and mortgagee an independent insurance contract not forfeitable by acts of mortgagor in conveying or further incumbering the insured property. The general rule and the exception or different rule may be consistently enforced in the same jurisdiction where the facts show the necessary distinction.

In the case at bar the evidence tends to prove the following facts: In a conversation between the president of the State Credit Company, plaintiff, and insurer's man-

aging officer, the latter said he would issue insurance policies to cover notes and mortgages purchased by the former. Without consulting mortgagor, and in' her absence, plaintiff as mortgagee, having an insurable interest in the automobile, made the application for insurance, disclosed the facts essential to underwriting, paid the premium and received and retained the policy. Insurer did not return or tender back the premium or any part of it at any time. Mortgagor never paid plaintiff any part of the cost of the insurance. The policy was delivered to plaintiff, mortgagee, and, when issued, there was attached to it the mortgage clause making the loss payable to insured and plaintiff, naming them, "as their interest may appear at the time of loss." The interest of plaintiff at that time, or the value of the automobile with interest from the date upon which the petition was filed, was $622.95. The balance due on the note and mortgage was $857.25. Mortgagor had no interest in the automobile when burned. There was no fraud or bad faith in the procuring of the insurance. Plaintiff reduced the amount of the lien by collecting payments on the note and mortgage and did nothing to increase the hazard of insurer.

The mortgage clause, in connection with the policy as a whole, with the negotiations for insurance protecting the interest of mortgagee in the insured property, with the payment and retention of the premium, with the delivery of the policy directly to mortgagee and the latter's retention thereof and with all other surrounding circumstances, evidences an independent contract between insurer and mortgagee. They were the contracting parties. The consideration passed directly from mortgagee to insurer. Under the insurance contract mortgagee was individually insured and its contractual rights for which it paid the consideration retained by insurer were not forfeited or terminated because the name of mortgagor was by the insurer inserted in the body of the policy as the insured or because the policy lapsed as to her. Conditions terminating the insurance in the event of a transfer of

title or of an additional lien apply to mortgagor, the owner who had power to sell or incumber the property, not mortgagee. The mutual intention of insurer and mortgagee to enter into an independent contract insuring the latter's interest in the automobile is shown by their executed writings in the light of surrounding circumstances, and consequently plaintiff was not required to resort to equity for a decree reforming the policy by inserting therein the name of plaintiff as the insured to the extent of its interest as mortgagee. By request of each litigant for a peremptory instruction the issues of law and fact were submitted to the trial court for determination. The jury were properly directed to render a verdict in favor of plaintiff. Prejudicial error has not been found in the record.

AFFIRMED.